IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOESEPH TOWNSEND, #Y40145, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE 5, <br> JOHN DOE 6, <br> JOHN DOE 7, <br> LUCAS S. LEVANTI, <br> C/O JOHNSON, <br> ERIC YOUNG, <br> JOSHUA DUBREE, and <br> JOHN DOE 8, <br><br> Defendants. | Case No. 24-cv-02318-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This case was severed from *Townsend v. Vaughn, et al.,* No. 24-cv-01758-DWD, on October 15, 2024, and is limited to Plaintiff's Eighth Amendment claims regarding his mental health crisis and suicide attempt on December 22, 2023, followed by his placement in a crisis watch cell on December 23, 2023. (Counts 4, 5, and 6). (Doc. 1). Plaintiff's claims are now before the Court for preliminary review. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff claims that on December 22, 2023, while at Shawnee Correctional Center, multiple John Does (lieutenants, sergeants, and correctional officers) violated his rights by ignoring his pleas to speak to a member of the crisis team for an hour in the morning. (Doc. 2, p. 21). He alleges he loudly and clearly requested a crisis team, but despite awareness of his psychosis and prior mental health issues, staff ignored his pleas. Without a crisis team, Plaintiff attempted suicide by ingesting 23 tablets of 400mg acetaminophen and 4 tablets of 500mg naproxen. (*Id.*). After taking the medicine, Plaintiff panicked and sought further assistance. (*Id.* at p. 22). Plaintiff slid the empty pill packets under his cell door and told John Doe 5 he had overdosed. John Doe 5 merely retrieved the packets and tossed them in the trash. John Does 6 and 7 walked by Plaintiff's cell audibly teasing him about the pills he had ingested. (*Id.*).

During the lunch hour, Plaintiff stuck his arm out of the food port of his door desperate for medical attention. (Doc. 2, p. 22). Defendant Lieutenant Levanti came to Plaintiff's cell front, and Plaintiff informed him of the medications he had ingested and that he had been denied access to a member of the crisis team and medical care. Levanti departed and did not return. (*Id.*).

Plaintiff became dehydrated, his blood pressure rose, he became numb, and he experienced a panic attack. (Doc. 2, p. 22). He collapsed on his cell floor. (*Id.* at p. 23). A correctional officer ran to slam Plaintiff's food port shut, but then realized Plaintiff had collapsed and summoned assistance. Levanti responded and informed Defendants Correctional Officers Johnson, Young and other John Does that he believed Plaintiff was faking a seizure. Levanti had Johnson and Young cuffed and shackles him, and then while Plaintiff was hyperventilating, Levanti proceeded to sit on his back further restricting his breathing. Levanti eventually used the handcuffs to yank Plaintiff from the ground, causing numbness and nerve damage in both his hands. (*Id.*).

Plaintiff was taken to the healthcare unit and placed in a "medical chair." (Doc. 2, p. 23). While in the medical chair, Plaintiff slouched forward because the restraints were causing pain, but Defendant Sergeant Dubree repeatedly shoved him upright and insisted he sit erect, causing the handcuffs to dig deeper into Plaintiff's wrists. Young then grabbed Plaintiff's left thumb and began to bend it backwards. Plaintiff informed the officers he was in great pain to no avail. (*Id.*). Correctional Officer Noland (a party not named as a defendant) heard the commotion and approached. (*Id.* at p. 24). Noland repeated the directive to sit erect. Plaintiff told Noland that sitting in an upright position is painful and that he would not do it. Plaintiff and Noland apparently had some sort of argument, which Plaintiff refuses to repeat, but it does not seem Noland took any physical action towards Plaintiff. At some point, Plaintiff alleges Johnson grabbed his entire left hand and bent it as far as possible at the wrist. Johnson, Young, and Dubree talked openly about plans to physically assault Plaintiff, though he does not allege anything came of this. Plaintiff was taken to the hospital, where doctors confirmed that he had "toxic levels of Tylenol in [his] system." (*Id.*).

The next day, on December 23, 2023, when Plaintiff returned from the hospital, Defendant John Doe 8 placed Plaintiff in a filthy cell for suicide watch. (Doc. 1, p. 24). Plaintiff describes the cell as covered in fecal matter and mace residue, and the floor as littered with human hair. (*Id.* at p. 24-25). Without shoes or more than a smock, Plaintiff alleges he contracted a rash that did not heal for months. (*Id.* at p. 25). He was also not allowed any toilet paper and claims he contracted an additional infection for this reason. (*Id.*).

## PRELIMINARY DISMISSALS

Plaintiff's claims against groups of John Does are dismissed without prejudice. Plaintiff claims that "multiple John Does" violated his rights on the morning of December 22, 2023, and that he spoke to every employee who passed his cell regarding the need to speak with a member

of the crisis team and then the need for medical care after he overdosed. (Doc. 2, p. 21-22). He also claims that "various John Does" subjected him to excessive force, cruel and unusual punishment, sadistic and malicious intent, deliberate indifference, and the infliction of wanton and unnecessary pain. (*Id.* at p. 22). While Plaintiff may use a "John Doe" or "Jane Doe" designation to refer to a party whose name is unknown, he must still follow Federal Rule of Civil Procedure 8 pleading standards and include a short, plain statement of the case against that individual. Because Plaintiff only clearly identifies and describes the acts and omissions by John Does 5, 6, 7, and 8, he will be able to proceed with his claims against only these unknown individuals. Claims Plaintiff intended to bring against any other unknown individual, however, are dismissed. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement).

## DISCUSSION

Based on the allegations in the Complaint, the Court *redesignates* the claims as follows:

**Count 1:** Eighth Amendment deliberate indifference claim against John Doe 5, John Doe 6, John Doe 7, and Levanti for ignoring Plaintiff's pleas for a crisis team or medical attention on December 22, 2023, after ingesting a large quantity of medication.

**Count 2:** Eighth Amendment cruel and unusual punishment or excessive force claim against Levanti, Johnson, Young, and Dubree for their handling of Plaintiff on December 22, 2023, when they located him collapsed in his cell, restrained him, escorted him to the medical unit, and remained in the medical unit demanding that he sit in a painful position.

**Count 3:** Eighth Amendment conditions of confinement claim against John Doe 8 for placing Plaintiff in a cell covered in human feces and hair and without toilet paper or clothing other than a smock for 8-11 days.

The parties and the Court will use these designations in all future pleadings and orders, unless

otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

Counts 1, 2, and 3 survive screening, and the Complaint will be served on Defendants. Darren Galloway, the warden of Shawnee Correctional Center, will be added as a Defendant in his official capacity for the purpose of responding to discovery aimed at identifying John Does 5, 6, 7, and 8.

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 7), which is **DENIED**.[2] Plaintiff states that in an attempt to recruit counsel on his own he has written requests to law firms and legal associates but has not been able to obtain a lawyer because he is indigent. (*Id.* at p. 1). He includes (1) a copy of a letter from the law firm Loevy & Loevy dated October 17, 2024, declining representation; (2) a copy of an informational letter from National Legal Professional Associates; and (3) a copy of a blank contract agreement form from the Lyght Detective Agency. The information provided is not sufficient for the Court to determine that Plaintiff has made a reasonable effort to obtain counsel on his own before seeking the assistance of the Court. First, the Loevy & Loevy letter is dated two days after this case was opened, and so the Court finds it difficult to believe that Plaintiff sought representation from Loevy & Loevy for the claims in *this severed case.* Second, although Plaintiff cannot afford an attorney, there are attorneys who will take cases pro bono or without payment upfront and who are willing to work with clients on a contingency fee or other financial arrangement. Plaintiff must still make attempts to find counsel on his own despite his indigency. Should Plaintiff choose to move for recruitment of counsel at a later date,

---

[1] *See Bell Atlantic, Corp., v. Twombly*, 550 U.S. 544, 570 (2007).
[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

the Court directs Plaintiff to include in the motion the names and address of at least three attorneys he has contacted and provide evidence of his efforts, such as the letters from the attorneys who declined representation or copies of his payment vouchers for postage.

### DISPOSITION

For the reasons stated above, the Complaint, as limited by the severance order at Document 1, survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against John Doe 5, John Doe 6, John Doe 7, and Levanti. **COUNT 2** shall proceed against Levanti, Johnson, Young, and Dubree. **COUNT 3** shall proceed against John Doe 8.

The Clerk of Court is **DIRECTED** to **ADD** Warden Darren Galloway as a defendant in his official capacity for the purpose of responding to discovery aimed at identifying the John Doe Defendants. The Clerk is further **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for John Does 5, 6, 7, and 8 (once identified), Levanti, Johnson, Young, Dubree, and Galloway (official capacity only) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint (Doc. 2) and this Memorandum and Order to each defendant's place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed

above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

With the exception of Warden Galloway, Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   January 28, 2025**

                                                     *s/Stephen P. McGlynn*
                                                     **STEPHEN P. MCGLYNN**
                                                     **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.